

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,341-01

### EX PARTE PHILLIP ALVIN RODRIGUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-17-0410-CR-W1 IN THE 161ST DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to murder, and a jury sentenced him to fifty years' imprisonment. Although a motion for new trial was filed and denied, no timely notice of appeal was filed.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Applicant's trial counsel has submitted an affidavit in which he concedes that he did not file notice of appeal.

The trial court has determined that counsel failed to timely file a notice of appeal. We find

that Applicant is entitled to the opportunity to file an out-of-time appeal of the sentencing proceedings in Cause No. B-17-0410-CR-W1 from the 161st District Court of Ector County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 02, 2019
Do not publish